IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CALIFORNIA BANK & TRUST,<br>as assignee of the Federal Deposit Insurance<br>Corporation, as receiver for Vineyard Bank,<br>a California banking corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SHILO INN, SEASIDE EAST, LLC, an<br>Oregon limited liability company; and<br>MARK S. HEMSTREET, an Oregon<br>Resident,<br>    Defendants. | No. 3:12-cv-00506-HZ<br><br>OPINION & ORDER |

Amit D. Ranade
Joseph A.G. Sakay
HILLIS CLARK MARTIN & PETERSON
1221 Second Ave., Suite 500
Seattle, WA 98101

Eric D. Lansverk
HILLIS CLARK MARTIN & PETERSON
500 Galland Building
1221 Second Avenue
Seattle, WA 98101-2925

Hal Mark Mersel

1 - OPINION & ORDER

Lana N. Encheff
Ren R. Hayhurst
BRYAN CAVE LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612

Sharon Z. Weiss
BRYAN CAVE LLP
800 West Olympic Blvd, 4th Floor
Los Angeles, CA 90015

      Attorneys California Bank & Trust

Kimberly Sugawa-Fujinaga
Sherrie D. Martinelli
Charles R. Markley
GREENE & MARKLEY P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

      Attorneys for Shilo Inn, Seaside East, LLC and Mark S. Hemstreet

HERNANDEZ, District Judge:

Now before me is a motion for leave to file a supplemental complaint ("Motion") (doc. #62) brought under rule 15(d) of the Federal Rules of Civil Procedure ("Rule") by California Bank & Trust ("Plaintiff"). For the reasons that follow, Plaintiff's Motion is GRANTED.

## BACKGROUND

Plaintiff filed a complaint on March 21, 2012, seeking (1) the appointment of a receiver to protect its interest in the rents collected by Shilo Inn, Seaside East, LLC ("Shilo Inn") and an injunction to prevent Shilo Inn and Mark Hemstreet ("Hemstreet") (collectively, "Defendants") from interfering with the receiver's duties; (2) an accounting of receipts, rents, income, and profits collected by Shilo Inn; and (3) a judicial foreclosure of Plaintiff's lien and security

2 - OPINION & ORDER

interests in the Shilo Inn property.[1]  In April 2012, Plaintiff filed a motion seeking the appointment of a receiver and an injunction, and on May 11, 2012, a hearing was held to address Plaintiff's April 2012 motion.  That same day, May 11, 2012, I issued an order stating that while Plaintiff was entitled to the appointment of a receiver, equity required Plaintiff to provide Shilo Inn with a payoff amount within seven days, and required Defendant to render the payoff amount within fourteen days thereafter.  I explicitly stated in my May 11, 2012, order that if Shilo Inn timely paid the payoff amount, Plaintiff's motion for the appointment of a receiver and injunction would be moot.  I also stated that if Shilo Inn failed to timely pay the amount due, then I would appoint a receiver.  Shilo Inn timely paid approximately $1.65 million to Plaintiff.

On August 22, 2012, Plaintiff filed this Motion, seeking to add the factual allegations[2] that (1) "Plaintiff reminded Shilo Inn and Hemstreet pursuant to a letter on June 15, 2012 . . . that further Events of Default would exist under the [loan documents to Defendants] if required actions were not completed by the end of the 'Forbearance Period' (as defined in the Second Amendment), which w[ere] set to expire on June 30, 2012"; (2) "pursuant to Sections 2(d)(iv) and (v) of the Second Amendment, 'Selling Borrowers' were required to have sold the 'Sale Properties' on or before June 30, 2012, . . . to pay down the 'Outstanding Balances' (as all such terms are defined in the Second Amendments) of the 'Loans'"; (3) "the 'Post Closing Obligations' (as defined in the Hemstreet First Amendment) were to be satisfied no later than August 17, 2011" pursuant to "Section 2(c) of the Second Amendments"; (4) Defendants "failed to take the required actions . . . by June 30, 2012 and August 17, 2011"; (5) Defendants failed to

---

[1] Plaintiff's loans to Shilo Inn are evidenced by a promissory note, deed of trust, and business loan agreement.  Plaintiff's unsecured revolving line of credit to Hemstreet is evidenced by a promissory note and a deed of trust.
[2] Plaintiff represents that its supplemental pleading "does not add any new parties or new claims" and "merely supplements the existing claims with facts regarding defaults that have transpired after [the filing of the complaint]." Mem. in Supp., p. 4.

3 - OPINION & ORDER

"fully comply with each of the terms, conditions, and covenants contained in Section 2 of the Second Amendment", thereby materially breaching their loan obligations pursuant to "Section 7 of the Second Amendment"; (6) "Shilo Inn is not in full compliance with the obligations under the Second Amendment"; (7) and "all obligations under [Defendants' loan documents] have fully 'matured' and, consequently, the entire outstanding indebtedness . . . is due and owing in full". Mot., Ex. 1, ¶¶ 48-55.

## STANDARD

Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The rule "is designed to permit expansion of the scope of existing litigation to include events that occur after the filing of the original complaint." Keith v. Volpe, 858 F.2d 467, 471 (9th Cir. 1988). The goal of Rule 15(d) is to "to promote judicial efficiency" and its purpose "is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997); Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010).

The Ninth Circuit has previously stated that Rule 15(d) "is a tool of judicial economy and convenience" and therefore, "[i]ts use is . . . favored." Volpe, 858 F.2d at 473. The Ninth Circuit has also stated that "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." Id. "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action[.]" Neely, 130 F.3d at 402 (internal quotation marks and citations omitted).

/ / /

DISCUSSION

**I. Judicial Economy**

Shilo Inn argues that Plaintiff's Motion should be denied because its supplemental pleading does not promote judicial economy and is in violation of this Court's May 11, 2012, ruling. Specifically, Shilo Inn asserts that the newly alleged facts in Plaintiff's supplemental pleading "revives the foreclosure cause of action that was already resolved at the [May 12, 2012,] hearing". Resp., p. 7. Shilo Inn further asserts that the "new claims of default under the Forbearance And Second Amendment are in . . . violation of this Court's May 11 ruling" where it is "undeniable that all parties, including this Court, were operating with the understanding and agreement that if Shilo Inn tendered the full amount due[, then] . . . the loans would be fully reinstated." Id., pp. 7-8. Shilo Inn maintains that "[w]hile new dates have passed requiring further liquidation of properties pursuant to provision 2(d), there are no newly ripe 'defaults' as claimed by [Plaintiff because] . . . these are issues that were raised by [Plaintiff] months ago" and because Plaintiff "has already plead [sic] these non-monetary defaults in its original complaint". Id., p. 8.

Shilo Inn's arguments miss the mark. The hearing held on May 11, 2012, and my subsequent order issued the same day, May 11, 2012, only addressed the limited issue before me at that time–namely, whether to grant Plaintiff's motion to appointment a receiver. Suffice it to say, I did not resolve Plaintiff's "foreclosure cause of action" or rule that Shilo Inn's payment to Plaintiff would reinstate Defendants' loans or otherwise cure all their past and future monetary and non-monetary defaults.

It is also worth mentioning that the factual allegations in the supplemental pleading state that Defendants failed to meet certain obligations which they had allegedly promised to satisfy

by June 30, 2012. Axiomatically, Defendants' alleged failure to satisfy their contractual obligations by the agreed upon date–June 30, 2012–occurred after Plaintiff filed its complaint on March 21, 2012, and therefore, clearly sets out transactions, occurrences, or events happening after the date of the pleading as required under Rule 15(d). The supplemental pleading also does not run afoul of Neely by alleging a "separate, distinct and new cause of action".

Finally, contrary to Shilo Inn's assertions, I find that the interests of judicial economy and the liberal interpretation of Rule 15(d) weigh in favor of granting Plaintiff's motion for leave to file a supplemental pleading. Plaintiff's supplemental pleading involves the same Defendants. In addition, the entire controversy between the parties, including the newly alleged facts in the supplemental pleading, can be settled in this action. See Neely, 130 F.3d at 402 ("To determine if efficiency might be achieved, courts assess whether the entire controversy between the parties could be settled in one action . . . .") (Citations omitted). Plaintiff's supplemental pleading also relates to subjects of the original action, including the contractual obligations which Defendants' allegedly breached. See Volpe, 858 F.2d at 473 ("While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction.").

Based on the above factors, I conclude that Plaintiff's supplemental pleading serves the interests of judicial economy under the circumstances here.

## II. Futility and Estoppel

Shilo Inn asserts that the new factual allegations in Plaintiff's supplemental pleading are futile because they "operate to revive the foreclosure action that has already been resolved by this Court." Resp., p. 10. Shilo Inn further asserts that Plaintiff's supplemental allegations are futile because non-monetary defaults are not a proper basis for foreclosure under California law

and because Plaintiff "has no good faith basis . . . to believe that its prospect for repayment has been impaired as a result of any alleged defaults under provisions 2(c) and (d) under the Forbearance and Second Amendment". Id., p. 13.

Shilo Inn also argues that because it has tendered approximately $1.65 million to Plaintiff to "reinstate the loans pursuant to California Civil Code Section 2924c and this Court's May 11 Order", Plaintiff is "estopped from declaring additional defaults based upon the non-monetary provisions in the Forbearance and Second Amendment."[3] Id., p. 10. Specifically, Shilo Inn asserts that Plaintiff's supplemental allegations are barred by the doctrine of equitable estoppel because Plaintiff "was aware that as soon as Shilo Inn tendered the $1.65 million that it was the agreement and understanding of the parties that the loans would be reinstated pursuant to section 2924c" and that Shilo Inn "relied in good faith on [Plaintiff's] representations at the hearing and this Court's May 11 Ruling [sic] when it tendered in excess of $1.65 million dollars to [Plaintiff]." Id., p. 11.

Shilo Inn's arguments again miss the mark. Stated above, my May 11, 2012, order only addressed the narrow issue of whether it would be proper to appoint a receiver based on the facts presented before me as of that date. I did not rule that Shilo Inn's payment to Plaintiff would reinstate Defendants' loans or otherwise cure all of Defendants' past and future monetary and non-monetary defaults. In addition, nothing before me demonstrates that Plaintiff's supplemental factual allegations are futile or that they cannot prove or support any of Plaintiff's claims for relief. In fact, Shilo Inn makes no argument whatsoever as to how the supplemental allegations concerning the monetary and non-monetary defaults by Hemstreet are futile or are barred by the doctrine of equitable estoppel. Furthermore, none of the cases on which Shilo Inn

---

[3] Courts have recognized that a mortgagor may cure defaults on a mortgage within the timeframes provided in California Civil Code § 2924c. See, e.g, Campos v. Bank of Am., Inc., No. C 11–0431SBA, 2011 WL 2600888, at *4 (N.D. Cal. 2011).

7 - OPINION & ORDER

relies supports its position that non-monetary allegations are an improper basis for foreclosure under California law. Lastly, Shilo Inn proffers no evidence demonstrating delay, bad faith, or dilatory motive on the part of Plaintiff, and proffers no evidence or compelling argument as to how it is prejudiced by the supplemental allegations.

Simply stated, Shilo Inn's arguments do not support denying Plaintiff's proposed supplemental allegations on the bases of futility or equitable estoppel.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file a supplemental complaint (doc. #62) is GRANTED. Oral argument is unnecessary.

IT IS SO ORDERED.

Dated this \_\_1\_\_ day of \_\_Oct\_\_, 2012.

*/s/ Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

8 - OPINION & ORDER