IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CALIFORNIA BANK & TRUST,
as assignee of the Federal Deposit Insurance
Corporation, as receiver for Vineyard Bank,
a California banking corporation,

           Plaintiff,

     v.

SHILO INN, SEASIDE EAST, LLC, an
Oregon limited liability company; and
MARK S. HEMSTREET, an Oregon
Resident,
           Defendants.

Case No. 3:12-CV-00506-HZ (Lead Case)
           3:12-CV-00508-HZ (Member Case)
           3:12-CV-00509-HZ (Member Case)

OPINION & ORDER

Amit D. Ranade
Joseph A.G. Sakay
HILLIS CLARK MARTIN & PETERSON
1221 Second Ave., Suite 500
Seattle, WA 98101

Eric D. Lansverk
HILLIS CLARK MARTIN & PETERSON
500 Galland Building

1 - OPINION & ORDER

1221 Second Avenue
Seattle, WA 98101-2925

Hal Mark Mersel
Lana N. Encheff
Ren R. Hayhurst
BRYAN CAVE LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612

Sharon Z. Weiss
BRYAN CAVE LLP
800 West Olympic Blvd, 4th Floor
Los Angeles, CA 90015

  Attorneys California Bank & Trust

Kimberly Sugawa-Fujinaga
Sherrie D. Martinelli
Charles R. Markley
GREENE & MARKLEY P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

  Attorneys for Shilo Inn, Seaside East, LLC and Mark S. Hemstreet

HERNANDEZ, District Judge:

  Now before me are motions for summary judgment ("Motions") (doc. #57, #57, #62) brought pursuant to rule 56(a) of the Federal Rules of Civil Procedure ("Rule") by (1) Shilo Inn, Seaside East, LLC; (2) Shilo Inn, Rose Garden, LLC; and (3) Shilo Inn, Newberg, LLC (collectively, "Shilo Inn") who are each a defendant in three separate parallel actions pending before me.[1]  Also before me are requests for judicial notice filed by California Bank & Trust ("Plaintiff") pursuant to rule 201 of the Federal Rules of Evidence requesting that I take judicial notice of three orders issued by the United States District Court for the District of Idaho.  For the reasons that follow, Shilo Inn's Motions are GRANTED in part and DENIED in part.  Because

---

[1] Plaintiff has filed seven different actions, including the three actions currently before me, against various Shilo Inns located in Oregon, Washington, and Idaho.

the three orders issued by the United States District Court for the District of Idaho are not determinative to my decision concerning Shilo Inn's Motions, I decline to address Plaintiff's request for judicial notice.

## BACKGROUND

The complaint seeks (1) the appointment of a receiver to protect Plaintiff's interest in the rents collected by Shilo Inn and an injunction to prevent Shilo Inn and Mark Hemstreet ("Hemstreet") (collectively, "Defendants") from interfering with the receiver's duties; (2) an accounting of receipts, rents, income, and profits collected by Defendants; and (3) a judicial foreclosure of Plaintiff's lien and security interests in the Shilo Inn properties. In April 2012, Plaintiff filed nearly identical motions in each of the three Shilo Inn cases before me seeking the appointment of a receiver and an injunction. On May 11, 2012, a hearing was held to address Plaintiff's April 2012 motions. That same day, May 11, 2012, I issued an order stating that while Plaintiff was entitled to the appointment of a receiver, Plaintiff was required to provide Shilo Inn with a payoff amount within seven days and that Shilo Inn was to render the payoff amount within fourteen days thereafter. I explicitly stated in my May 11, 2012, order that if Shilo Inn timely paid the payoff amount, then Plaintiff's motions for the appointment of a receiver and injunction would be moot. I also stated that if Shilo Inn failed to timely pay the payoff amount, then I would appoint a receiver.[2]

On May 17, 2012, Plaintiff provided Shilo Inn with the payoff amount, which totaled approximately $569,162.[3] Campbell Decl., ¶ 3 (doc. #60). The payoff amount included approximately $165,516 in attorney fees and $110,153 in default interest, both of which Shilo

---

[2] Shilo Inn's assertion that the loans have been reinstated pursuant to my May 11, 2012, ruling is misplaced. I did not rule that the payments by Shilo Inn would reinstate the loans or otherwise address the merits of the underlying foreclosure action.

[3] Shilo Inn does not state how much each defendant paid.

3 - OPINION & ORDER

Inn contested. Id. Shilo Inn timely paid the requested payoff amount, less the disputed attorney fee amount.[4] "Shilo Inn now seeks to resolve the issues surrounding the payment of legal fees and default interest by the present Motion[s]". Shilo Inn Mem. in Supp., p. 5.

## STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case. Id. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" Id. at 324 (quotation omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment ." Id. However, conclusory, speculative testimony in affidavits and moving

---

[4] Although Shilo Inn paid the default interest, it did so with a reservation of rights.

papers is insufficient to raise genuine issues of fact and defeat summary judgment.  See Thornhill Publ'n Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

**I. Shilo Inn's Opposition to Plaintiff's Attorneys' Fees**

Shilo Inn seeks an order stating that the $165,516 in attorney fees sought in connection with Plaintiff's previous motions for appointment of a receiver are unreasonable and subject to the statutory cap in section 2924c(d) of the California Civil Code.[5]  Insofar as Shilo Inn's Motions seek an order invalidating or dismissing such attorneys' fees, it is premature.  Shilo Inn provides no authority for the proposition that the determination of attorneys' fees is proper at this early stage of the proceeding–especially where Plaintiff's claims, including its judicial foreclosure claim, have not yet been resolved.  Shilo Inn's motion for summary judgment on the issue of attorneys' fees is denied.

/ / /

---

[5] Section 2924c of the California Civil Code provides:

> Trustee's or attorney's fees which may be charged pursuant to subdivision (a), or until the notice of sale is deposited in the mail to the trustor as provided in Section 2924b, if the sale is by power of sale contained in the deed of trust or mortgage, or, otherwise at any time prior to the decree of foreclosure, are hereby authorized to be in a base amount that does not exceed three hundred dollars ($300) if the unpaid principal sum secured is one hundred fifty thousand dollars ($150,000) or less, or two hundred fifty dollars ($250) if the unpaid principal sum secured exceeds one hundred fifty thousand dollars ($150,000), plus one-half of 1 percent of the unpaid principal sum secured exceeding fifty thousand dollars ($50,000) up to and including one hundred fifty thousand dollars ($150,000), plus one-quarter of 1 percent of any portion of the unpaid principal sum secured exceeding one hundred fifty thousand dollars ($150,000) up to and including five hundred thousand dollars ($500,000), plus one-eighth of 1 percent of any portion of the unpaid principal sum secured exceeding five hundred thousand dollars ($500,000). Any charge for trustee's or attorney's fees authorized by this subdivision shall be conclusively presumed to be lawful and valid where the charge does not exceed the amounts authorized herein.

Cal. Civ. Code § 2924c(d).

5 - OPINION & ORDER

**II. Default Interest**

Shilo Inn paid approximately $110,153 in default interest to Plaintiff pursuant to three default interest provisions contained in promissory notes signed by Defendants. Those provisions each provide that "[u]pon default, the interest rate on [the] Note[s] shall immediately increase by 5.000 percentage points, if permitted under applicable law." Ventura Decl., Ex. A, p. 12 (doc. #68, #73, #78). Shilo Inn now seeks reimbursement of "all of the unlawful default interest previously paid under protest", relying heavily on Garrett v. Coast & Southern Federal Savings & Loan Association, 9 Cal. 3d 731 (1973) and Poseidon Development, Inc. v. Woodland Estates, LLC, 152 Cal. App. 4th 1106 (2007) for the proposition that the default interest provisions under which it was required to pay $110,153 bear no reasonable relationship to Plaintiff's anticipated damages at the time the provisions were executed and therefore, are improper. Shilo Inn Mem. in Supp., p. 2 (doc. #58).

Plaintiff maintains that "a ruling invalidating the default interest provision . . . is not merited." Resp., p. 30. Plaintiff asserts that Shilo Inn fails to produce any law or evidence establishing that the default interest provisions are improper. Plaintiff further asserts that because of Shilo Inn's defaults, it has incurred substantial administrative burdens, which include having to modify Shilo Inn's loans and forbearance documents, monitor proposed sales and auctions of the underlying Shilo Inn properties, and review pleadings and declarations filed in the underlying lawsuits. Plaintiff also contends that Shilo Inn's reliance on Garratt is misplaced because it was decided under the prior version of § 1671, which as stated above, now places the burden on the party contesting the alleged penalty provision to establish that the provision was unreasonable at the time it was executed. Plaintiff contends that Shilo Inn's reliance on Poseidon is misplaced because unlike the facts here, the penalty provision in that case involved a final

6 - OPINION & ORDER

balloon payment.  In addition, Plaintiff argues that Garrett and Poseidon are factually distinguishable because those cases did not involve non-monetary defaults by the borrower or involve numerous defaults by the borrowers, as is the case here.  Finally, Plaintiff argues that the interest charged under the default interest provisions are reasonable because they were intended to compensate Plaintiff for the lost opportunity costs of reinvesting the loan proceeds lent to Defendants and for the increased risk of dealing with Defendants as defaulting borrowers.

The question of whether a provision is an enforceable liquidated damages provision or an unenforceable penalty is a question of law to be decided by the court.  E.g., Harbor Island Holdings v. Kim, 107 Cal. App. 4th 790, 794 (2003).  The current test for liquidated damages concerning non-consumer contracts, such as the ones here, is set forth in California Civil Code § 1671(b).  Section 1671(b) provides that "a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made."  Cal. Civ. Code § 1671(b).  "The statute presumes liquidated damages clauses are valid and places the burden on the party challenging the provision to show facts which establish invalidity."[6]  Guthy-Renker Corp. v. Bernstein, No. CV 97-9279 MRP, 1999 WL 1049072, at *1 (C.D. Cal. 1999).

---

[6] The legislature's revision of § 1671(b) "replace[d] the former policy of presumptive invalidity of liquidated damages clauses . . . with a policy of presumptive validity."  Weber, Lipshie & Co. v. Christian, 52 Cal. App. 4th 645, 654 (1997) (emphasis in original); see also Edwards v. Symbolic Int'l, Inc., No. 07-CV-1826-JMA, 2009 WL 1178662, at *5 (S.D. Cal. 2009) ("In 1977, the Legislature revised Civil Code § 1671 (effective July 1978), so that liquidated damages provisions were presumptively valid instead of presumptively invalid.") (Citation omitted).  The prior version of §1671 "provided contract clauses liquidating damages in anticipation of a breach were only enforceable if determining actual damages was impracticable or extremely difficult". Greentree Fin. Grp., Inc. v. Execute Sports, Inc., 163 Cal. App. 4th 495, 501 n.2 (2008) (citations omitted); see also Garrett, 9 Cal. 3d at 735 n.1.  This "strict standard", however, now applies only in consumer goods and services contracts and residential property leases.  Greentree, 163 Cal. App. 4th at 501 n.2 (citing § 1671(c)-(d)).

7 - OPINION & ORDER

The 1977 Law Revision Commission comments to § 1671(b) state in relevant part as follows:

> [S]ubdivision (b) gives the parties considerable leeway in determining the damages for breach. All the circumstances existing at the time of the making of the contract are considered, including the relationship that the damages provided in the contract bear to the range of harm that reasonably could be anticipated at the time of the making of the contract. Other relevant considerations in the determination of whether the amount of liquidated damages is so high or so low as to be unreasonable include, but are not limited to, such matters as the relative equality of the bargaining power of the parties, whether the parties were represented by lawyers at the time the contract was made, the anticipation of the parties that proof of actual damages would be costly or inconvenient, the difficulty of proving causation and foreseeability, and whether the liquidated damages provision is included in a form contract.

Cal. Civ. Code § 1671, 1977 Law Revision Commission comments.

"A liquidated damages clause will generally be considered unreasonable, and hence unenforceable under section 1671(b), if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." Ridgley v. Topa Thrift & Loan Ass'n, 17 Cal. 4th 970, 977 (1998); Med. Sales & Consulting Grp. v. Plus Orthopedics USA, Inc., No. 08cv1595 BEN (BGS), 2011 WL 5075970, at *8 (S.D. Cal. 2011) ("The characteristic feature of a penalty is its lack of proportional relation to the damages which may actually flow from failure to perform under a contract.") (Citing Garrett, 9 Cal. 3d at 739). The amount set as liquidated damages "must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained." Garrett, 9 Cal. 3d at 739. "An amount disproportionate to the anticipated damages is termed a 'penalty.' A contractual provision imposing a 'penalty' is ineffective, and the wronged party can collect only the actual damages sustained." Perdue v. Crocker Nat'l Bank, 38 Cal. 3d 913, 931 (1985); see also Ridgley, 17 Cal. 4th at 977-78 ("[A]ny provision by which money or property would be forfeited without regard to the actual damage suffered would be an unenforceable penalty.")

8 - OPINION & ORDER

(Citation omitted). Courts in California have "consistently ignored form and sought out the substance of arrangements which purport to legitimate penalties and forfeitures." Garrett, 9 Cal. 3d at 737.

To the extent Plaintiff asserts that Garrett is inapposite because it was decided under the prior version of § 1671, I find such argument unavailing. In Ridgley, 17 Cal. 4th at 981 n.5, the Supreme Court of California expressly rejected defendant's similar argument that the decision in Garrett no longer applied because it predated the 1977 repeal of § 1670 and instead, repeatedly relied on Garratt when analyzing defendant's liquidated damages clause.[7] See also Greentree, 163 Cal. App. 4th at 501 n.2 ("The amendment of [§ 1671] does not save a judgment that imposes a penalty bearing no proportional relationship to the damages that might actually flow from a breach.") (Citation omitted); Atel Fin. Corp. v. Quaker Coal Co., 132 F. Supp. 2d 1233, 1240 n.8 (N.D. Cal. 2001) (stating that the decision in Garratt "has been affirmed by the California Supreme Court as a proper analysis of unjustified late fees as unenforceable penalties") (quotation marks and citations omitted). Despite the revision to § 1671, courts in California continue to rely on Garratt for guidance when addressing liquidated damages provisions and accordingly, a liquidated damages provision must still "represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained" and must still be construed as a penalty if there is no relationship between the

---

[7] In Ridgley, 17 Cal. 4th at 974, 977, 978-79, the Supreme Court of California relied on Garratt for, among other things, the proposition that "[t]he amount set as liquidated damages must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained", that "a charge for late payment of interest . . . has to meet the reasonableness standard of section 1671", and that the charge must be "the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained". (Internal quotation marks omitted).

charges and "loss which may be suffered".[8]  <u>Garrett</u>, 9 Cal. 3d at 739; <u>see also</u> <u>Ridgley</u>, 17 Cal. 4th at 977-79.

Based on the facts before me, I conclude that Shilo Inn has met its burden of showing that the default interest provisions here are invalid.  Shilo Inn presents evidence showing that pursuant to the default interest provisions, the interest rate on the outstanding loan balance increased by five percent, thereby resulting in charges of $110,153.  Shilo Inn also presents evidence showing that it was required to pay the default interest charges in addition to late fees totaling over $10,000.  Campbell Decl., ¶¶ 2-3 (#60).  On the other hand, Plaintiff proffers no evidence showing the damages provided by the default interest provisions have any bearing on the range of harm that reasonably could have been anticipated at the time the parties agreed to the provisions, and proffers insufficient evidence demonstrating that the default interest provisions are related to the actual damages that Plaintiff could have anticipated would flow from Defendants' breaches.  <u>See</u> <u>Ridgley</u>, 17 Cal. 4th at 977 (a liquidated damages clause becomes an unenforceable penalty only "if it bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach").

Although Plaintiff relies on statements by Eric Ventura, Plaintiff's Vice President, which generally state that Plaintiff has "devote[d] an extraordinary amount of time and resources" and has "incurred substantial administrative burden" because of Shilo Inn's defaults, Plaintiff fails to explain the logical relationship between Shilo Inn's monetary and non-monetary defaults and the

---

[8] Plaintiff's arguments that the cases on which Shilo Inn relies are distinguishable on their facts are also unavailing.  The facts on which Plaintiff attempts to distinguish <u>Garratt</u> and <u>Poseidon</u>, including that the loans here were also in non-monetary default and occurred on numerous occasions, are inapposite.  Nothing in the language of <u>Garratt</u> or <u>Poseidon</u> establish that such facts must be considered by the court, let alone establish that such facts are determinative when analyzing the validity of a default interest provision.  Even if I were to agree with Shilo Inn that <u>Poseidon</u> is distinguishable because it involved default charges "relate[d] to a final balloon payment", such a finding would not affect my ultimate conclusion and is therefore, inapposite.

10 - OPINION & ORDER

alleged damages. Ventura Decl., ¶¶ 1, 30 (doc. #68). Furthermore, Plaintiff's reliance on the alleged actual damages stemming from Shilo Inn's breaches is misplaced because damages sustained after the fact are irrelevant to the determination of the validity of default interest provisions. See Cal. Civ. Code § 1671, 1977 Law Revision Commission comments ("The validity of the liquidated damages provision depends upon its reasonableness at the time the contract was made and not as it appears in retrospect. Accordingly, the amount of damages actually suffered has no bearing on the validity of the liquidated damages provision.").

 Plaintiff's bald assertions that the default interest provisions are valid because they are intended to compensate Plaintiff for the lost opportunity costs of reinvesting the loan proceeds and to compensate it for its increased risk of dealing with defaulted borrowers are unpersuasive. Generally, every loan that a bank makes to a borrower carries such risks. Such general assumptions of risk simply do not explain why the five percent increases on Shilo Inn's outstanding loan balances in this instance are reasonable. The lack of evidence showing that the default interest provisions bear a reasonable relationship to the damages Plaintiff could have anticipated at the time the parties agreed to the provisions establish that the liquidated damages provisions constitute a penalty and are therefore unenforceable. See Ridgley, 17 Cal. 4th at 981 (concluding that the "charge of six months' interest on the entire principal, imposed for any late payment or other default, [could not] be defended as a reasonable attempt to anticipate damages from default"). Although the default interest provisions are unenforceable, the Court declines to order that the entire $110,153 in default interest be immediately reimbursed to Shilo Inn because Shilo Inn may still be liable for the actual damages that resulted from its defaults. See Garrett, 9 Cal. 3d at 740-41 ("We do not hold herein that merely because the late charge provision is void

11 - OPINION & ORDER

and thus cannot be used in determining the lender's damages, the borrower escapes unscathed. [The borrower] remains liable for the actual damages resulting from his default.").

### III. Shilo Inn's Attorney's Fees

Lastly, Shilo Inn maintains that if "this Court finds that the reinstatement demand by [Plaintiff] included an improper request for attorneys fees and/or default interest, Shilo Inn is entitled to its attorneys fees as the prevailing party in this matter", relying on Bruntz v. Alfaro, 212 Cal. App. 3d 411, 422-23 (1989) in support of its position.  Shilo Inn Mem. in Supp., p. 21 (doc. #58).  Shilo Inn contends that because it "made several offers to [Plaintiff] to settle all seven matters by making payment of the following: all outstanding principal amounts due, all regular accrued interest, late charges, UCC fees, foreclosure fees, title and recording fees, appraisal fees, and thirty-five percent of the attorneys fees demanded", it is "entitled to all fees incurred herein as a result of [Plaintiff's] failure to accept its tender".  Id. at 22.

Plaintiff's reliance on Bruntz is misplaced.  Unlike Bruntz, all the claims in this action have yet to be resolved.  Shilo Inn's stretched reading of Bruntz for the proposition that it is entitled to all reasonable attorneys' fees at this early juncture based on its conclusory assertions that it made several offers to settle and tendered full reinstatement to Plaintiff is simply unavailing.  Shilo Inn's motions for attorneys' fees are denied.

/ / /

/ / /

## CONCLUSION

For the reasons stated above, Shilo Inn's Motions (doc. #57, #57, #62) are GRANTED in part and DENIED in part, and I decline to address Plaintiff's request for judicial notice. Oral argument is unnecessary.

IT IS SO ORDERED.

Dated this 15 day of Nov, 2012.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

13 - OPINION & ORDER