IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CALIFORNIA BANK & TRUST,
as assignee of the Federal Deposit Insurance
Corporation, as receiver for Vineyard Bank,
a California banking corporation,

              Plaintiff,

    v.

SHILO INN, SEASIDE EAST, LLC, an
Oregon limited liability company, and
MARK S. HEMSTREET,
an Oregon resident,

              Defendants.

No.  3:12-cv-506-HZ (lead case)
No.  3:12-cv-508-HZ (member case)
No.  3:12-cv-509-HZ (member case)

OPINION & ORDER

Eric D. Lansverk
Joseph A.G. Sakay
HILLIS CLARK MARTIN & PETERSON
1221 Second Avenue, Suite 500
Seattle, WA 98101

1 – OPINION & ORDER

Hal Mark Mersel
Ren R. Hayhurst
BRYAN CAVE LLP
3161 Michelson Drive
Suite 1500
Irvine, CA 92612

      Attorneys for Plaintiff

Sherrie D. Martinelli
Charles R. Markley
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Defendants Shiloh Inn, Seaside East, LLC, and Mark Hemstreet bring this motion ("Defendants' Motion") under Federal Rule of Civil Procedure 15(d) for leave to file supplemental counterclaims in response to Plaintiff California Bank & Trust's supplemental verified complaint. Also before the Court are requests for judicial notice pursuant to rule 201 of the Federal Rules of Evidence. Plaintiff requests that the Court take judicial notice of two orders issued by this Court and two orders and two docket listings from the United States District Court for the District of Idaho and Eastern District of Washington. Defendants request that the Court take judicial notice of an order and hearing transcript from the United States District Court for the Eastern District of Washington.

      For the reasons that follow, the Court grants Defendants' Motion. The Court declines to address the requests for judicial notice of orders and docket listings from other district courts, because they are not determinative to the Court's decision concerning Defendants' Motion. As to

2 – OPINION & ORDER

the two orders issued by this Court, they are already properly before the Court (ECF Nos. 79, 84); therefore, judicial notice is not necessary.

## BACKGROUND

On March 21, 2012, Plaintiff filed a complaint against Defendants related to alleged defaults by Defendants under commercial loans secured by deeds of trust encumbering real property and improvements.[1] Plaintiff commenced foreclosure actions against Shilo Inn. Plaintiff also named Mr. Hemstreet as a defendant in relation to a personal line of credit.

In the complaint, Plaintiff sought: (1) the appointment of a receiver to protect its interest in the rents collected by Shilo Inn and an injunction to prevent Shilo Inn and Mr. Hemstreet from interfering with the receiver's duties; (2) an accounting of receipts, rents, income, and profits collected by Shilo Inn; and (3) a judicial foreclosure of Plaintiff's liens and security interests in the Shilo Inn property. On May 11, 2012, this Court issued an order, stating that while Plaintiff was entitled to the appointment of a receiver, equity required Plaintiff to provide Defendants with a payoff amount within seven days and an opportunity for Defendants to render the payoff amount within fourteen days thereafter. If Defendants timely paid the payoff amount, Plaintiff's motion for the appointment of a receiver and injunction would be moot; however, if Defendants failed to timely pay the amount due, then the Court would appoint a receiver.

Between May 17 and June 14, 2012, Plaintiff forwarded the reinstatement figures for each of the properties, including claimed attorney's fees and punitive default interest. Defendants disputed the claimed attorney's fees; therefore, the Court ordered Defendants to pay all sums due except the disputed fees, which would be addressed by the Court at a later date. Defendants

---

[1] The loan documents for the properties were amended in November 2010 ("First Amendment") and again in June 2011 ("Second Amendment").

tendered the amounts requested except the disputed attorney's fees.[2] In July 2012, Plaintiff

notified Defendants that their tender was insufficient to reinstate the loans and that, therefore,

Defendants were still in default.

On October 1, 2012, the Court entered an order granting Plaintiff leave to supplement its

complaint to reflect the following factual allegations:

(1) Plaintiff reminded Defendants in a letter on June 15, 2012, that further events of default would exist under the loan documents if required actions were not completed by the end of the "Forbearance Period" (as defined in the Second Amendment), which was set to expire on June 30, 2012;

(2) Pursuant to Sections 2(d)(iv) and (v) of the Second Amendment, "Selling Borrowers" were required to have sold the "Sale Properties" on or before June 30, 2012 to pay down the outstanding balances (as all such terms are defined in the Second Amendments) of the loans;

(3) "Post Closing Obligations" (as defined in the Hemstreet First Amendment) were to be satisfied no later than August 17, 2011 pursuant to Section 2(c) of the Second Amendment;

(4) Defendants failed to take the required actions by June 30, 2012 and August 17, 2011;

(5) Defendants failed to fully comply with each of the terms, conditions, and covenants contained in Section 2 of the Second Amendment, thereby materially breaching their loan obligations pursuant to Section 7 of the Second Amendment;

(6) Shilo Inn was not in full compliance with the obligations under the Second Amendment; and,

(7) All obligations under Defendants' loan documents had fully "matured" and consequently the entire outstanding indebtedness were due and owing in full.

Pl.'s Mot. File Supp. Compl. Ex. 1, ¶¶ 48-55. Plaintiff's Verified Supplemental Complaint was

filed with the Court on December 6, 2012.

On May 2, 2013, Defendants filed a Notice of Automatic Stay based on the corporate

Defendants' filing of Chapter 11 petitions in the U.S. Bankruptcy Court. On May 24, 2013, the

Court dismissed this action in its entirety, without prejudice to the rights of the parties to reopen

proceedings if the Bankruptcy Court did not resolve the dispute.

_____

[2] Although Shilo Inn paid the default interest, it did so with a reservation of rights.

On May 21, 2014, the U.S. Bankruptcy Court for the Central District of California issued an Order Granting the Motion for Relief from the Automatic Stay, allowing Plaintiff to enforce its remedies to foreclose upon and obtain possession of each property in accordance with applicable bankruptcy law. On August 8, 2014, the Court granted the parties' motion to reopen the case in order for the parties to address the issues relating to foreclosure as permitted by the Bankruptcy Court orders. On October 31, 2014, Defendants filed the present motion.

**STANDARDS**

Motions to amend an answer to assert counterclaims are governed by Federal Rule of Civil Procedure 15's liberal amendment standard. See Rule 13, Advisory Committee Notes, 2009 Amendments ("An amendment to add a counterclaim will be governed by Rule 15"); see also Kelly Supply, LLC v. Econ. Polymers & Chemicals, No. CV-14-03-BLG-SPW-CSO, 2014 WL 2961083, at *1 (D. Mont. June 30, 2014).

Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982) (citations omitted).

The Ninth Circuit has stated that "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience . . . [and] its use is therefore favored." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). However, while leave to permit supplemental pleading is "favored," it cannot be used to

introduce a "separate, distinct and new cause of action[.]" <u>Planned Parenthood of S. Arizona v. Neely</u>, 130 F.3d 400, 402 (9th Cir. 1997) (internal citation omitted).

The factors relevant to a Rule 15(a) motion to amend complaint are considered when addressing a motion to amend under Rule 15(d). <u>E.g.</u>, <u>Al Haramain Islamic Found., Inc.</u>, 2012 WL 6203136, Civil No. 3:07–CV–01155–KI, at *8 (D. Or. 2012). "Those factors include: (1) bad faith; (2) undue delay; (3) prejudice to the opponent; and (4) futility of the amendment." <u>Id.</u>

## DISCUSSION

Defendants seek to file supplemental counterclaims pursuant to Rule 15(d). Defendants argue that "despite Shilo Inn's tender of the full reinstatement amounts, [Plaintiff] not only failed to reinstate the loans but, surreptitiously, and in bad faith, held Shilo Inn in default relative to a few alleged immaterial pre-existing non-monetary defaults and relative to a pre-existing default under a personal line of credit." Defs.' Mot. 2-3. Defendants seek to add the following counterclaims: (1) violation of California Civil Code § 2924c for a wrongful rejection of tender; (2) breach of contract; (3) promissory estoppel; (4) breach of the implied covenant of good faith and fair dealing; (5) non-disclosure; (6) violation of California Business and Professions Code §§ 17200 et. Seq. for unlawful, unfair, or fraudulent business acts and practices; and (7) attorney's fees. Proposed Defs.' Ans. to Supp. Compl. ¶¶ 76-137.

Plaintiff contends that Defendants' motion should be denied because Defendants unduly delayed in seeking leave to file supplemental counterclaims, Plaintiff would be unduly prejudiced if Defendants' motion were granted, and Defendants' proposed amendments would be futile because they lack merit.

For the reasons that follow, the Court grants Defendants leave to file supplemental counterclaims.

6 – OPINION & ORDER

I.    **Undue Delay and Prejudice**

Plaintiff argues that Defendants unduly delayed in adding counterclaims. Plaintiff contends that the events alleged by Defendants occurred in 2012. Therefore, Plaintiff argues, Defendants have had almost two years in which they could have brought these claims. Plaintiff argues that granting this motion could unduly delay the entry of a final judgment and cause Plaintiff to incur additional expenses.[3]

However, Plaintiff fails to place Defendants' motion in the overall procedural context of this case. Plaintiff filed a supplemental complaint on December 6, 2012. Defendants filed for bankruptcy in May of 2013 and the case was reopened in this Court in August of 2014. Defendants filed this motion three months later. Defendants' proposed counterclaims involve the same parties as the original action and are responsive to the claims Plaintiff added in its supplemental complaint. Therefore, Defendants' Motion does not run afoul of Neely by alleging a "separate, distinct and new cause of action." Rather, the entire controversy between the parties, including the newly alleged facts in the supplemental counterclaims, can be settled in this action. See Neely, 130 F.3d at 402 ("To determine if efficiency might be achieved, courts assess whether the entire controversy between the parties could be settled in one action . . . .") (Citations omitted); see also Volpe, 858 F.2d at 473 ("While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction."). The Court finds that Defendants' motion will not cause undue delay, nor will Plaintiff suffer undue prejudice.

///

---

[3] Plaintiff also argues it would suffer significant prejudice because it has already filed its motion for summary judgment [105]. The Court gives this argument little weight because Plaintiff filed its summary judgment motion after Defendants submitted the motion at issue here.

## II.    Futility

The goal of the rule governing supplemental pleadings is to promote judicial efficiency. Neely, 130 F.3d at 402. A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted).

Plaintiff argues that Defendants' counterclaims are meritless because "they have already been raised and rejected in this case and in related proceedings." Pl.'s Opp.  Defs.' Mot. 2. In addition, Plaintiff contends that the parties entered into a Settlement and Release Agreement (Settlement Agreement) which included "an express release provision by which Defendants waived and released the proposed counterclaims." Id. Finally, Plaintiff advances several arguments attacking Defendants' counterclaims on their merits.

Defendants' counterclaims stem from Plaintiff's actions in connection with the parties' attempt to reinstate the loans in May and June of 2012. This Court's October 1, 2012 order explained that the Court had not yet ruled on whether "Shiloh Inn's payment to Plaintiff would reinstate Defendants' loans or otherwise cure all of Defendants' past and future monetary and non-monetary defaults." Order, Oct. 2, 2012 [79]. To date, the Court has still not ruled on this issue. Therefore, Plaintiff's contention that the counterclaims have already been rejected by this Court is incorrect.

As to Plaintiff's arguments about the terms of the Settlement Agreement or the merits of Defendants' claims, the Court will more appropriately evaluate those issues at the summary judgment stage of the proceeding. Defendants raise sufficient issues of fact in response to Plaintiff's arguments to make a ruling on the merits of Defendants' claims inappropriate. For the

purposes of ruling on this motion, Rule 15 is clear that the Court "should freely give leave" to amend.

## CONCLUSION

In light of the interest in judicial economy and the liberal interpretation of Rule 15(d), Defendants' motion for leave to file supplemental counterclaims [103] is GRANTED.

IT IS SO ORDERED.

Dated this ____ day of _____, 2014.

MARCO A. HERNÁNDEZ
United States District Judge